**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON**

**CRIMINAL NO. 12-CR-00015-GFVT**              *ELECTRONICALLY FILED*

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**V.**                    **GOVERNMENT'S PROPOSED
                           JURY INSTRUCTIONS**

**ANTHONY RAY JENKINS and
DAVID JASON JENKINS**                                                           **DEFENDANTS**

\* \* \* \* \*

Comes the United States of America, by counsel, pursuant to this Court's Pretrial Order, and submits the attached Proposed Jury Instructions on the substantive law of the case. The United States requests the following standard jury instructions from the Sixth Circuit Criminal Pattern Jury Instructions, 2011 Edition: §§ 1.01, 1.02, 1.03, 1.04, 1.05, 1.06, 1.07, 1.08, 1.09, 2.01, 2.01A, 2.01B, 2.01C, 2.01D, 2.04, 2.08, 3.01A, 3.02, 3.03, 3.04, 3.06, 3.07, 3.10, 3.12, 3.14, 4.01, 4.01A, 7.01, 7.02A (if applicable), 7.02B (if applicable), 7.03, 7.03A, 7.04, 7.05A (if applicable), 7.05B, 7.05B (if applicable), 7.08, 7.11 (if applicable), 7.12, 7.12(A)(if applicable), 7.13 (if applicable), 7.17(if applicable), 7.18, 7.19, 7.20, 8.01, 8.02, 8.03, 8.04, 8.05, 8.06, 8.09 and 8.10.

The United States respectfully reserves the right to withdraw or submit additional instructions based on the evidence presented at the trial.

Respectfully submitted,

KERRY B. HARVEY
UNITED STATES ATTORNEY


BY: s/ Hydee R. Hawkins
Hydee R. Hawkins
Assistant United States Attorney
260 W. Vine Street
Lexington, KY 40507-1612
(859) 685-4881
hydee.hawkins@usdoj.gov

s/Angie Cha
Aejean (Angie) Cha
Trial Attorney, Civil Rights Division
United States Department of Justice
950 Pennsylvania Ave, NW – PHB
Washington, DC 20530
(202) 514-3204
aejean.cha@usdoj.gov


**CERTIFICATE OF SERVICE**

This certifies that the foregoing response was filed using the CM/ECF system on this 1st day of October, 2012, which will send an electronic notice of filing to Hon. Willis G. Coffey, counsel for the Defendant Anthony Ray Jenkins and Hon. Andrew P. Stephens, counsel for the Defendant David Jason Jenkins.


s/ Hydee R. Hawkins
Hydee R. Hawkins
Assistant United States Attorney

s/Angie Cha
Aejean (Angie) Cha
Trial Attorney, Civil Rights Division

2

INSTRUCTION NO. _____

COUNT 1
18 U.S.C. § 1201(c)
3.00
Conspiracy to Commit Kidnapping

Count 1 of the Indictment charges the Defendants**, David Jason Jenkins and Anthony Ray Jenkins,** of violating federal law by knowingly and willfully conspiring with each other and others to kidnap Kevin Pennington.

For you to find the Defendant guilty of this crime, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the Defendant and at least one other person conspired, or agreed to commit the crime of kidnapping, as I will describe that crime to you.

(B) Second, that the Defendant knowingly and voluntarily joined the conspiracy.

(C) Third, that a member of the conspiracy did at least one of the overt acts described in the Indictment for the purpose of advancing or helping the conspiracy.

## COUNT 2
## 18 U.S.C. § 1201(a)(1)
## Kidnapping

Count 2 of the Indictment charges the Defendants**, David Jason Jenkins and Anthony Ray Jenkins,** of violating federal law by knowingly and willfully kidnapping Kevin Pennington.

For you to find the Defendant guilty of this crime, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

> (A) First, that the Defendant knowingly and willfully confined, kidnapped, abducted, seized, inveigled, decoyed or carried away Kevin Pennington.
>
> (B) Second, that the Defendant used a means, facility, or instrumentality of interstate commerce in committing the offense or in furthering its commission.
>
> (C) Third, that that the Defendant held the victim for some reward, benefit, or other reason; in this case, to assault him.

Now I will give you more detailed instructions on some of these terms.

> 1. To **"inveigle"** a person means to lure, or entice, or lead the person astray by false representations or promises, or by some other deceitful, non-forcible means.
>
>    **Authority:**
>
>    > Fifth Circuit Pattern Instructions 2.58, Tenth Circuit Pattern Instructions 2.55;   Eleventh Circuit Pattern Instructions 49; *United States v. Hughes*, 716 F.2d 234, 237 (4th Cir. 1983); and *United States*

      *v. Jacques*, 2011WL 1706765 (D.VT.) citing *United States v. Macklin*, 671 F.2d 60, 66 (2nd Cir. 1982);

2. To "**decoy**" a person means to lure the person away through deception, or by some other non-forcible, fraudulent means.

   **Authority:**

   *United States v. Jacques*, 2011 WL 1706765 (D.VT.) citing *United States v. Macklin*, 671 F.2d 60, 66 (2nd Cir. 1982).

3. To "**kidnap**" a person means to unlawfully hold, keep, detain, and confine the person against that person's will. Involuntariness or coercion in connection with the victim's detention is an essential part of the offense

   **Authority:**

   Fifth Circuit Pattern Instructions 2.58; Tenth Circuit Pattern Instructions 2.55; and Eleventh Circuit Pattern Instructions 49.

4. To hold someone for some "**reward,**" "**benefit,**" or "**other reason**" includes holding a person for the purpose of assaulting him.

   **Authority:**

   *United States v. Bordeaux and White Horse*, 84 F.3d 1544, 1548 (8th Cir. 1996) and *United States v. Adams*, 83 F.3d 1371, 1372-1375 (11th Cir. 1996).

5. An "**instrumentality of interstate commerce**" includes, among other things, a car, a truck, and an interstate highway. If you find that the Defendant used a truck or an interstate highway in committing the crime or in furthering its commission, you may find that this element is met regardless of whether the Defendant actually crossed state lines.

   **Authority:**

   *United States v. McHenry*, 97F.3d 125, 127 (6th Cir. 1996); *United States v. Cobb*, 144 F.3d 319, 322 (4th Cir. 1998); and *United States v. Mandel*, 64 F.3d 710, 721-722 (7th Cir. 2011).

If you are convinced that the Government has proved all of these elements beyond a reasonable doubt, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the Defendant not guilty of this charge.

## COUNT 3
## 18 U.S.C. § 249(a)(2)
## Hate crime

Count 3 of the Indictment charges the Defendants, **David Jason Jenkins and Anthony Ray Jenkins,** of violating federal law by willfully causing bodily injury to Kevin Pennington because of his sexual orientation.

For you to find the Defendant guilty of this crime, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

  (A)   First, that the Defendant willfully caused bodily injury to Kevin Pennington;

  (B)   Second, that the Defendant acted because of the actual or perceived sexual orientation of Kevin Pennington.

  (C)   Third, that the conduct described in the first two elements occurred in either of the following circumstances:

    1. The conduct occurred during the course of, or as a result of, the travel of the Defendant or Kevin Pennington using a channel, facility, or instrumentality of interstate commerce; OR

    2. The Defendant used a channel, facility, or instrumentality of interstate commerce in connection with the conduct.

Now I will give you more detailed instructions on some of these terms.

  1. The term "**bodily injury**" includes any injury to the body, no matter how temporary, and includes a cut, abrasion, bruise, burn, or disfigurement; physical pain; illness; impairment of the function of a bodily member, organ or mental faculty; or any other injury to the body, no matter how temporary. Bodily injury does not include solely emotional or psychological harm.  18 U.S.C. § 249(a)(1) and 18 U.S.C §1365(h)(4).

2. The term "**sexual orientation**" includes a person's status (or perceived status) as being gay, straight or bisexual.

   **Authority:**

   Merriam-Webster's Dictionary, available at <http://www.merriam-webster.com/medical/sexual%20orientation>.

3. "**Instrumentalities of interstate commerce**" has the same definition I gave earlier. Interstate highways may also be considered "**channels of interstate commerce**."

If you find that the assault alleged in this case occurred under any of the following circumstances, you may find that this third element is met:

   a. The assault occurred during the course of a Defendant's travel using a truck or interstate highway;

   b. The assault occurred during the course of Kevin Pennington's travel using a truck or interstate highway;

   c. The assault occurred as a result of a Defendant's travel using a truck or interstate highway;

   d. The assault occurred as a result of Kevin Pennington's travel using a truck or interstate highway; or

   e. A Defendant used a truck or interstate highway in connection with the alleged assault.

The Government need not prove that the Defendant or Pennington crossed state lines in connection with this assault.

**Authority:**

   *United States v. McHenry*, 97 F.3d 125, 127 (6th Cir. 1996); *United States v. Mandel*, 64 F.3d 710, 721-722 (7th Cir. 2011); *United States v. Ashland Oil & Transp. Co.*, 504 F.2d 1317, 1323-24 (6th Cir. 1974); and *Gibbs v. Babbitt*, 214 F.3d 483, 490-91 (4th Cir. 2000).

## GOVERNMENT'S REQUESTED INSTRUCTION NO.

## "Because of the Actual or Perceived Sexual Orientation" Defined

The Government must prove beyond a reasonable doubt that Kevin Pennington's actual or perceived sexual orientation was a motivating factor for a Defendant's actions. If you find that the Defendant acted because of Kevin Pennington's actual or perceived sexual orientation, you may find this element met, regardless of the Defendant's sexual orientation. The law prohibits an assault motivated by the victim's actual or perceived sexual orientation, even if the Defendant shares the same sexual orientation as the victim.

If you find that the assault alleged in the Indictment was motivated by the actual or perceived sexual orientation of Kevin Pennington, you may find this element satisfied even if you find that the Defendant had other reasons for doing what he did. In other words, the fact that a Defendant may have also had other motives for his conduct does not make that conduct any less a violation of the provisions of law implicated by Count Three, as long as he acted in significant part because of Kevin Pennington's actual or perceived sexual orientation.

In determining whether the Government has proved that a Defendant acted as he did because of Kevin Pennington's actual or perceived sexual orientation, you may consider statements made or language used by the Defendant, the circumstances surrounding the alleged offense, and all other evidence that may shed light on the Defendant's motives.

**Authority:**

> *United States v. Johns*, 615 F.2d 672, 675 (5th Cir. 1980) ("The presence of other motives, given the existence of the defendants' motive to end interracial cohabitation, does not make their conduct any less a violation of 42 U.S.C. § 3631"); *United States v. Bledsoe*, 728 F.2d 1094, 1098 (8th Cir. 1984) (approving instruction using quoted language from Johns, supra; finding that both defendant's statements and circumstantial evidence established racial motivation); and *United States v. J.H.H.*, 22 F.3d 821, 826-27 (8th Cir. 1994) (intent to intimidate because of race and occupancy of dwelling inferred from circumstances).

> *United States v. Mullet*, 2012 WL 2330905 (N.D. Ohio May 31, 2012) (Amish defendants charged under 18 U.S.C. § 249 for attacking Amish victims because the defendants believed that the victims were not properly obeying the dictates of their shared religion).

> *United States v. Griffin*, 525 F.2d 710, 712 (1st Cir. 1976) (intent to prevent court-ordered busing could be inferred from circumstances surrounding beating of African American man).

# GOVERNMENT'S REQUESTED INSTRUCTION NO.

## "Kidnapping" Defined

For Count 3, if you find that the Government has proven each of the offense elements beyond a reasonable doubt as to either or both Defendants, you will next be asked to consider whether the offense as to each Defendant included kidnapping.  For purposes of this case, to "kidnap" someone means to restrain and confine him by force, or intimidation, or deception or fraud, with the intent to cause bodily injury to that person; or to restrain the person's freedom in a way that creates a substantial risk of bodily harm to that person.  If you find that a Defendant engaged in any of the conduct I have just described with respect to Count Three, you may find that the charged offense included kidnapping.

> **Authority:** *United States v. Guidry*, 456 F.3d 493, 510 (5th Cir. 2006) (holding that "kidnaping" for purposes of sentencing enhancement should be defined according to its generic, contemporary meaning; finding of kidnaping in the generic sense does not require abduction, asportation, or travel across state lines).
>
> *United States v. DeJesus Ventura*, 565 F.3d 870, 875-79 (D.C. Cir. 2009) (agreeing that sentencing court must determine the "generic" definition of kidnapping and finding that "nearly every state kidnapping statute includes two common elements: (1) an act of restraining, removing, or confining another; and (2) an unlawful means of accomplishing that act." A slim majority of States require "a criminal purpose beyond the mere intent to restrain the victim," such as intent to cause bodily injury.).
>
> *United States v. Jenkins*, __F.3d__, 2012 WL 1868758 (1st Cir. 2012) (adopting *DeJesus Ventura* criteria for defining "generic

11

kidnapping").

18 U.S.C. § 1201 (defining kidnapping as whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds a person for ransom or some other nefarious purpose).

Fifth Circuit Pattern Instruction 2.58 (defining "kidnap" as follows: "to unlawfully hold, keep, detain, and confine the person against that person's will. Involuntariness or coercion in connection with the victim's detention is an essential part of the offense").

Fifth Circuit Pattern Instruction 2.58 (defining "inveigle" as follows: "to lure, or entice, or lead the person astray by false representations or promises, or other deceitful means").

Tenth Circuit Pattern Jury Instruction 2.55 (same definition as Fifth Circuit Pattern Instruction).

Eleventh Circuit Pattern Jury Instruction 49 (same definition as Fifth Circuit and Tenth Circuit Pattern Instructions).

12

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# LONDON

**CRIMINAL NO. 12-CR-00015-GFVT**

**UNITED STATES OF AMERICA**                                         **PLAINTIFF**

**V.**                      **GOVERNMENT'S PROPOSED**
                                 **JURY VERDICT FORM**

**DAVID JASON JENKINS**                                     **DEFENDANT**

\*   \*   \*   \*   \*

We, the jury, find the Defendant, **David Jason Jenkins**, as to:

COUNT 1         GUILTY _____         NOT GUILTY _____

COUNT 2         GUILTY _____         NOT GUILTY _____

COUNT 3         GUILTY _____         NOT GUILTY _____

**SPECIAL INSTRUCTION FOR COUNT 3**: If you find the Defendant Guilty of the offense charged in Count 3, you are required to answer the following statement:

With regard to Count 3 of the Indictment, we, the jury, find that the offense conduct

        Did \_\_\_\_\_

        Did Not \_\_\_\_\_

        Include kidnapping.

DATE_____                                  _____
                                                                  FOREPERSON

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# LONDON

**CRIMINAL NO. 12-CR-00015-GFVT**

**UNITED STATES OF AMERICA**                                                          **PLAINTIFF**

**V.**                      **GOVERNMENT'S PROPOSED
JURY VERDICT FORM**

**ANTHONY RAY JENKINS**                                                  **DEFENDANT**

\* \* \* \* \*

We, the jury, find the Defendant, **Anthony Ray Jenkins**, as to:

COUNT 1         GUILTY _____         NOT GUILTY _____

COUNT 2         GUILTY _____         NOT GUILTY _____

COUNT 3         GUILTY _____         NOT GUILTY _____

**SPECIAL INSTRUCTION FOR COUNT 3**: If you find the Defendant Guilty of the offense charged in Count 3, you are required to answer the following statement:

With regard to Count 3 of the Indictment, we, the jury, find that the offense conduct

       Did \_\_\_\_\_

       Did Not \_\_\_\_\_

       Include kidnapping.

DATE_____                                      _____
                                                                FOREPERSON