Eastern District of Kentucky
**F I L E D**

OCT 2 5 2012

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal No. 12-15-GFVT |
| V. | ) | |
| | ) | |
| ANTHONY JENKINS and | ) | |
| DAVID JASON JENKINS, | ) | **JURY INSTRUCTIONS** |
| | ) | |
| Defendant. | | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*
### INTRODUCTION

(1)     Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)     I will start by explaining your duties and the general rules that apply in every criminal case.

(3)     Then I will explain the elements, or parts, of the crimes that the defendants are accused of committing.

(4)     Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(5)     And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(6)     Please listen very carefully to everything I say.

## JURORS' DUTIES

(1)     You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)     Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendants guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

(3)     The lawyers may talk about the law during their closing arguments. But if what they say is different from what I have said, you must follow what I have said. What I say about the law controls.

(4)     Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

### PRESUMPTION OF INNOCENCE
### BURDEN OF PROOF
### REASONABLE DOUBT

(1)     As you know, the defendants have pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendants what crimes they are accused of committing. It does not even raise any suspicion of guilt.

(2)     Instead, the defendants start the trial with a clean slate, with no evidence at all against them, and the law presumes that they are innocent. This presumption of innocence stays with them unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that they are guilty.

(3)     This means that the defendants have no obligation to present any evidence at all, or to prove to you in any way that they are innocent. It is up to the government to prove that they are guilty, and this burden stays on the government from start to finish. You must find the defendants not guilty unless the government convinces you beyond a reasonable doubt that they are guilty.

(4)     The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5)     Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.

If you are convinced that the government has proved the defendants guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## EVIDENCE DEFINED

(1)    You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)    The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

(3)    Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

(4)    During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5)    In addition, you absolutely must not try to get information from any other source.  The ban on sources outside the courtroom applies to information from all sources, such as family, friends, the Internet, reference books, newspapers, magazines, television, radio, a Blackberry, iPhone, Droid or other smart phone, an iPad, or any other electronic device.  This ban on outside information applies to any personal investigation including visiting the site of the incident giving

rise to this case, looking into news accounts, talking to possible witnesses, re-enacting the allegations in the Superseding Indictment, or any other act that would otherwise affect the fairness and impartiality that you must have as jurors.

(6)     Finally, you must not have contact with anyone about this case, other than the judge and court employees.  This includes sending or receiving email, Twitter, text messages or similar updates, using blogs and chat rooms, and the use of Facebook, MySpace, LinkedIn, and any other social media sites of any kind regarding this case or any aspect of your jury service during the trial.  If anyone tries to contact you about the case, directly or indirectly, do not allow that person to have contact with you.  If any person persists in contacting you or speaking with you, that could be jury tampering, which is a very serious crime.  If anyone contacts you in this manner, report this to my courtroom deputy as quickly as possible.  Again, you should know that if this Admonition is violated, there could be a mistrial.  A mistrial means that the case is stopped before it is finished and must be retried at a later date.  This can lead to a great deal of expense for the parties and for taxpayers, namely you and your neighbors.  No one wants to see money, especially tax dollars, wasted.  If a mistrial were to be declared based on a violation of this Admonition, the juror responsible could be required to pay the cost of the first trial and could also be punished for contempt of court.

(7)     Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

# DIRECT AND CIRCUMSTANTIAL EVIDENCE

(1)     Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)     Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)     Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)     It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INFERRING REQUIRED MENTAL STATE

(1)     Next, I want to explain something about proving a defendant's state of mind.

(2)     Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3)     But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4)     You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

# CREDIBILITY OF WITNESSES

(1)     Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2)     Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)     Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)     Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C)     Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)     Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E)     Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)     Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)     And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)     These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## NUMBER OF WITNESSES

(1)     One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)     Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

# LAWYERS' OBJECTIONS

(1)     There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

(2)     The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(3)     And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INTRODUCTION:
## ELEMENTS OF THE CRIMES CHARGED

(1)     That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that the defendants are accused of committing.

(2)     But before I do that, I want to emphasize that the defendants are only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

(3)     Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved the defendants guilty.  Do not let the possible guilt of others influence your decision in any way.

## SEPARATE CONSIDERATION

(1)     The defendants have all been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  And in our system of justice, guilt or innocence is personal and individual.  It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them.  For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

(2)     Your decision on any one defendant or charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

# COUNT 1
## 18 U.S.C. § 1201(c)
### Conspiracy to Commit Kidnapping

(1)    Count 1 of the indictment accuses the defendants, **David Jason Jenkins and Anthony Ray Jenkins**, of a conspiracy to commit the crime of kidnapping in violation of federal law. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

(2)    A conspiracy is a kind of criminal partnership. For you to find any one of the defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

    (A) First, that two or more persons conspired, or agreed, to commit the crime of kidnapping.

    (B) Second, that the defendant knowingly and voluntarily joined the conspiracy.

    (C) And third, that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

(3)    You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find any one of these defendants guilty of the conspiracy charge.

(4) Now I will give you more detailed instructions on some of these terms:

(A) **Agreement**

(i) With regard to the first element--a criminal agreement--the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of kidnapping.

(ii) This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

(iii) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of kidnapping. This is essential.

(iv) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement

existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(B) **Defendant's Connection with the Conspiracy**

(i) If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendants knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard. To convict any defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

(ii) This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(iii) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done

something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(iv) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

## (C) Overt Acts

(i) The third element that the government must prove is that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

(ii) The indictment lists overt acts. The government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

(iii) But the government must prove that at least one of these acts was committed by a member of the conspiracy, and that it was

committed for the purpose of advancing or helping the

conspiracy. This is essential.

### (D) Unindicted or Separately Tried Co-Conspirators

(i) Some of the people who may have been involved in these events

are not on trial. This does not matter. There is no requirement

that all members of a conspiracy be charged and prosecuted, or

tried together in one proceeding.

### (E) Venue

(i) Some of the events that you have heard about happened in other places.

There is no requirement that the entire conspiracy take place ~~here~~ in

or Letcher

Harlan County in the Eastern District of Kentucky. But for you to

return a guilty verdict on the conspiracy charge, the government must

convince you that either the agreement, or one of the overt acts, took

or  Letcher

place ~~here~~ in Harlan County in the Eastern District of Kentucky.

(ii) Unlike all the other elements that I have described, this is just a fact

that the government only has to prove by a preponderance of the

evidence. This means the government only has to convince you that it

is more likely than not that part of the conspiracy took place here.

(iii) Remember that all the other elements I have described must be

proved beyond a reasonable doubt.

**COUNT 2**
**18 U.S.C. § 1201(a)(1)**
**Kidnapping**

(1)     Count Two of the Indictment charges the Defendants, **David Jason Jenkins and Anthony Ray Jenkins**, of violating federal law by knowingly and willfully kidnapping Kevin Pennington.  For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

> (A)     First, that the Defendant knowingly and willfully confined, kidnapped, abducted, seized, inveigled, decoyed or carried away Kevin Pennington

> (B)     Second, that the Defendant used a means, facility, or instrumentality of interstate commerce in committing the offense or in furthering its commission.

> (C)     Third, that the Defendants held the victim for some reward, benefit, or other reason.

(2)     If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge

(3)     Now I will give you more detailed instructions on some of these terms.

(A)    To **"inveigle"** a person means to lure, or entice, or lead the person astray by false representations or promises, or by some other deceitful, non-forcible means.

(B)    To **"decoy"** a person means to lure the person away through deception, or by some other non-forcible, fraudulent means.

(C)    The term **"carried away"** means unlawful and intentional movement of a person against their will.

(D)    To **"kidnap"** a person means to unlawfully hold, keep, detain, and confine the person against that person's will. Involuntariness or coercion in connection with the victim's detention is an essential part of the offense.

(F)    To hold someone for some **"reward," "benefit," or "other reason,"** includes holding a person for the purpose of assaulting him.

(G)    An **"instrumentality"** or **"channel"** of interstate commerce includes among other things, a car, a truck, and an interstate highway. If you find the defendant used a truck or an interstate highway in committing the crime or in furthering its commission, you may find that this element is met regardless of whether the defendant actually crossed state lines.

## COUNT 3
## 18 U.S.C. § 249(a)(2)

(1)     Count Three of the Indictment charges the Defendants, **David Jason**

**Jenkins and Anthony Ray Jenkins**, of violating federal law by willfully causing bodily

injury to Kevin Pennington because of his sexual orientation.  For you to find the

defendant guilty of this crime, you must find that the government has proved each and

every one of the following elements beyond a reasonable doubt:

> (A)     First, that the Defendant willfully caused bodily injury to Kevin
>
> Pennington;
>
> (B)     Second, that the Defendant acted because of the actual or perceived
>
> sexual orientation ~~of Kevin Pennington~~;
>
> (C)     Third, that the conduct described in the first two elements occurred in
>
> either of the following circumstances:
>
>> (i)     The conduct occurred during the course of, or as a result of,
>>
>> the travel of the Defendant or Kevin Pennington using a channel,
>>
>> facility, or instrumentality of interstate commerce; OR
>>
>> (ii)     The Defendant used a channel, facility, or instrumentality of
>>
>> interstate commerce in connection with the conduct

(2)     If you are convinced that the government has proved all of these elements,

say so by returning a guilty verdict on this charge. If you have a reasonable doubt about

any one of these elements, then you must find the defendant not guilty of this charge.

(3)     Now I will give you more detailed instructions on some of these terms.

(A)     The term **"bodily injury"** includes any injury to the body, no matter how temporary, and includes a cut, abrasion, bruise, burn, or disfigurement; physical pain; illness; impairment of function of a bodily member, organ or mental faculty; or any other injury to the body, no matter how temporary. However, bodily injury does not include solely emotional or psychological harm.

(B)     The term **"sexual orientation"** includes a person's status (or perceived status) as being gay, straight, or bisexual.

(C)     An **"instrumentality"** or **"channel"** of interstate commerce includes among other things, a car, a truck, and an interstate highway. If you find the defendant used a truck or an interstate highway in committing the crime or in furthering its commission, you may find that this element is met regardless of whether the defendant actually crossed state lines.

(D)     The Government must prove beyond a reasonable doubt that the defendant assaulted Kevin Pennington **"because of his actual or perceived sexual orientation."** This means that the government must prove that Kevin Pennington's sexual orientation was the substantial reason that the defendant decided to commit the physical assault.

(E)     The government need not prove that the Defendant has a different sexual orientation than the victim.

## KIDNAPPING ENHANCEMENT DEFINED

For Count Three, if you find that the Government has proven each of the offense elements beyond a reasonable doubt as to either or both Defendants, you will next be asked to consider whether the offense as to each Defendant included kidnapping. For purposes of this enhancement, to "kidnap" someone means to restrain and confine him by force, or intimidation, or deception or fraud, with the intent to cause bodily injury to that person; or to restrain the person's freedom in a way that creates a substantial risk of bodily harm to that person. If you find that a Defendant engaged in any of the conduct I have just described with respect to Court Three, you may find that the charged offense included kidnapping.

## LIABILITY FOR SUBSTANTIVE OFFENSES COMMITTED BY OTHERS

(1) Count Two and Three of the indictment accuses the defendants of committing the crime of **kidnapping** and **physically assaulting someone because of sexual orientation**.

(2) There are two ways that the government can prove the defendants guilty of these crimes. The first is by convincing you that they personally committed or participated in this crime. The second is based on the legal rule that all members of a conspiracy are responsible for acts committed by the other members, as long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement.

(3) In other words, under certain circumstances, the act of one conspirator may be treated as the act of all. This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves.

(4) But for you to find any one of the defendants guilty of **kidnapping** and/or **physically assaulting someone because of sexual orientation** based on this legal rule, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

> (A) First, that the defendant was a member of the conspiracy charged in Count One of the indictment.

> (B) Second, that after he joined the conspiracy, and while he was still a member of it, one or more of the other members committed the crime of **kidnapping** and/or **physically assaulting someone because of sexual orientation**.

> (C) Third, that this crime was committed to help advance the conspiracy.

(D) And fourth, that this crime was within the reasonably foreseeable scope of the unlawful project. The crime must have been one that the defendant could have reasonably anticipated as a necessary or natural consequence of the agreement.

(5) This does not require proof that each defendant specifically agreed or knew that the crime would be committed. But the government must prove that the crime was within the reasonable contemplation of the persons who participated in the conspiracy. No defendant is responsible for the acts of others that go beyond the fair scope of the agreement as the defendant understood it.

(6) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of them, then the legal rule that the act of one conspirator is the act of all would not apply.

# AIDING AND ABETTING

(1)     For you to find either **Jason David Jenkins** or **Anthony Jenkins** guilty of

**kidnapping and/or physically assaulting someone because of sexual orientation**, it is not

necessary for you to find that he personally committed the crime.  You may also find him guilty if

he intentionally helped or encouraged someone else to commit the crime.  A person who does this

is called an aider and abettor.

(2)     But for you to find **Jason David Jenkins** or **Anthony Jenkins** guilty as an aider and

abettor of **kidnapping** or **physically assaulting someone because of sexual orientation**, you

must be convinced that the government has proved each and every one of the following elements

beyond a reasonable doubt:

       (A)     First, that the crime of **kidnapping and/or physically assaulting someone**

       **because of sexual orientation** was committed.

       (B)     Second, that the defendant helped to commit the crime or encouraged

       someone else to commit the crime.

       (C)     Third, that the defendant intended to help commit or encourage the crime.

(3)     Proof that the defendant may have known about the crime, even if he was there

when it was committed, is not enough for you to find him guilty.  You can consider this in

deciding whether the government has proved that he was an aider and abettor, but without more it

is not enough.

(4)     What the government must prove is that the defendant did something to help or

encourage the crime with the intent that the crime be committed.

(5)     If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty as an aider and abettor of **kidnapping** or **physically assaulting someone because of sexual orientation**.

## ON OR ABOUT

(1)      Next, I want to say a word about the dates mentioned in the indictment.

(2)      The indictment charges that the crimes happened "on or about" certain dates. The government does not have to prove that the crimes happened on or between these exact dates. But the government must prove that the crimes happened reasonably close to these dates.

# DEFENSE THEORY

That concludes the part of my instructions explaining the elements of the crime. Next I will explain the defendants' position. The defendants deny all three charges against them.

It is their position they did not knowingly or willfully conspire or agree to kidnap Kevin Pennington and furthermore they did not kidnap him.

Additionally, it is the defendants' position they did not cause bodily injury to Kevin Pennington because of his sexual orientation.

It is their position they are not guilty of all charges.

# INTRODUCTION:
## SPECIAL EVIDENTIARY MATTERS

That concludes the part of my instructions explaining the elements of the crime and the

Defendants' positions. Next I will explain some rules that you must use in considering some of

the testimony and evidence.

## DEFENDANTS' DECISION NOT TO TESTIFY

(1)     Each defendant has an absolute right not to testify or present evidence.  The fact that he did not testify or present any evidence cannot be considered by you in any way.  Do not even discuss it in your deliberations.

(2)     Remember that it is up to the government to prove each of the defendants guilty beyond a reasonable doubt.  It is not up to the defendants to prove that they are innocent.

# OPINION TESTIMONY

(1) You have heard the testimony of Tonya Gonzalez and Franklin Reed who testified as opinion witnesses.

(2) You do not have to accept the opinions of Tonya Gonzalez and Franklin Reed. In deciding how much weight to give them, you should consider the witness's qualifications and how they reached their conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS

(1) You have heard the testimony of James Taulbee and Cobern Kirby who may have testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

(2) As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

(3) As to the testimony on opinions, you do not have to accept James Taulbee's or Cobern Kirby' opinions. In deciding how much weight to give that testimony, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

(4) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

# IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT NOT UNDER OATH

(1)     You have heard the testimony of  Kevin Pennington and Alex Jenkins.  You have also heard that before this trial they made a statement that may be different from their testimony here in court.

(2)     This earlier statement was brought to your attention only to help you decide how believable their testimony was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating their testimony here in court.

## TESTIMONY OF AN ACCOMPLICE

(1)     You have heard the testimony of Ashley Jenkins and Alexis Jenkins. You have also heard that they were involved in the same crime that the defendant is charged with committing. You should consider their testimony with more caution than the testimony of other witnesses.

(2)     Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe her testimony beyond a reasonable doubt.

(3)     The fact that Ashley Jenkins and Alexis Jenkins have pleaded guilty to a crime is not evidence that the defendant is guilty, and you cannot consider this against the defendant in any way.

(4)     You have also heard that before this trial Ashley Jenkins and Alexis Jenkins made a statement that may be different from their testimony here in court.

(5)     This earlier statement was brought to your attention only to help you decide how believable their testimony was. You cannot use it as proof of anything else. You can only use it as one way of evaluating their testimony here in court.

## OTHER ACTS OF DEFENDANT

(1)     You have heard testimony that the defendant committed acts other than the ones charged in the indictment.  If you find the defendant did those acts, you can consider the evidence only as it relates to the government's claim on the defendant's intent or motive.  You must not consider it for any other purpose.

(2)     Remember that the defendant is on trial here only for the events of April 4, 2011, not for the other acts.  Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

## TRANSCRIPTIONS OF TAPE RECORDINGS

(1)     You have heard some tape recordings that were received in evidence, and you were given some written transcripts of the tapes.

(2)     Keep in mind that the transcripts are not evidence.  They were given to you only as a guide to help you follow what was being said.  The tapes themselves are the evidence.  If you noticed any differences between what you heard on the tapes and what you read in the transcripts, you must rely on what you heard, not what you read.  And if you could not hear or understand certain parts of the tapes, you must ignore the transcripts as far as those parts are concerned.

## INTRODUCTION:
## DELIBERATION

(1)     That concludes the part of my instructions explaining the rules for considering

some of the testimony and evidence.  Now let me finish up by explaining some things about your

deliberations in the jury room, and your possible verdicts.

(2)     The first thing that you should do in the jury room is choose someone to be your

foreperson.  This person will help to guide your discussions, and will speak for you here in court.

(3)     Once you start deliberating, do not talk to the jury officer, or to me, or to anyone

else except each other about the case.  If you have any questions or messages, you must write

them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will

give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what

you have asked, so it may take me some time to get back to you.  Any questions or messages

normally should be sent to me through your foreperson.

(4)     If you want to see any of the exhibits that were admitted in evidence, you may

send me a message, and those exhibits will be provided to you.

(5)     One more thing about messages.  Do not ever write down or tell anyone how you

stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4,

or whatever your vote happens to be.  That should stay secret until you are finished.

## EXPERIMENTS, RESEARCH, AND INVESTIGATION

(1)     Remember that you must make your decision based only on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own while you are deliberating.

(2)     For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any of the places that were mentioned during the trial.

(3)     Make your decision based only on the evidence that you saw and heard here in court.

## JUROR NOTES

(1) Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

(2) Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## UNANIMOUS VERDICT

(1)      Your verdict, whether it is guilty or not guilty must be unanimous.

(2)      To find the defendants guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves their guilt beyond a reasonable doubt.

(3)      To find a defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4)      Either way, guilty or not guilty, your verdict must be unanimous.

## DUTY TO DELIBERATE

(1)    Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)    But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)    No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

(4)    Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendants' guilt beyond a reasonable doubt.

# PUNISHMENT

(1)      If you decide that the government has proved the defendants guilty, then it will be my job to decide what the appropriate punishment should be.

(2)      Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3)      Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## VERDICT FORM

(1)     I have prepared a verdict form that you should use to record your verdict.

(2)     If you decide that the government has proved a given charge against a defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved a given charge against a defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

## COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.